**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| DAVID M. SAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>JON KEY and MATTHEWS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 2:26-CV-276-CLC-CRW |

**MEMORANDUM & ORDER**

Plaintiff David M. Saylor, a prisoner currently detained in the Greene County Detention Facility, has filed a complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion and **DISMISS** the complaint for failure to state a claim.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 4] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with payment of the filing fee.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim against any Defendant, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

**B. Plaintiff's Allegations**

On June 24, 2026, Plaintiff was booked into the Greene County Detention Center and promptly taken off his medications for bipolar disorder and anxiety, which had been prescribed to him by Dr. Brad Strange [Doc. 1 p. 3, 4]. Even though Plaintiff was given a "detox med[ication]" to wean him off Xanax, Plaintiff "still suffered extreme side effects" [*Id.* at 4]. Plaintiff was told by Dr. Valerie Mullins at Balla[r]d Health that not tapering off Xanax "could be very dangerous" [*Id.*].

Plaintiff was prescribed medication for depression, but he stopped taking the medication a couple of months prior to his incarceration [*Id.*]. But after a few weeks of incarceration, Plaintiff asked to be placed back on his depression medication [*Id.*]. Plaintiff also asked to be placed on medication to treat his bipolar disorder and for a substitute for Xanax [*Id.*]. "They" placed Plaintiff on the medication Depakote for his bipolar disorder, but Plaintiff's anxiety and depression are not being treated [*Id.*].

Plaintiff has seen the doctor four times, and he has seen mental health four times [*Id.*]. But "nothing has been done at all to help [his] mental state[,]" and he has "been suffering mentally very much so" [*Id.*].

Aggrieved, Plaintiff filed this action against Greene County Detention Center Administrator Jon Key and Dr. Matthews, the physician at the facility, asking for $17,000 in damages and "to be transferred to prison as soon as [he] is convicted" [*Id.* at 3, 5].

### C. Analysis

The Eighth Amendment's "cruel and unusual punishments" clause, applicable to the States through the Fourteenth Amendment, *see Robinson v. California*, 370 U.S. 660, 666–67 (1962), requires the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But it does not require correctional facilities to provide prisoners with "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Instead, it proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Plaintiff appears to be a pretrial detainee protected by the Fourteenth Amendment, as opposed to a convicted prisoner protected by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, under either custodial designation, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" that violates the inmate's constitutional rights. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)); *see also Poynter by and through Fernandez v. Shirley*, 191 F.4th 745, 755–56 (6th Cir. 2026) (applying the "subjective-knowledge requirement" set forth in *Farmer* to pretrial detainee claims). Such a claim is comprised of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer*, 511 U.S. at 834, 842. The subjective component is met when officials know "of the facts that show the serious medical need" and they "personally conclude that this need exists." *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021).

Under the deliberate indifference standard, officials do not act with deliberate indifference when they reasonably respond to a serious medical need after they learn of it, even if the harm is not ultimately adverted. *Farmer*, 511 U.S. at 844. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

*Estelle*, 429 U.S. at 105–06 (quotations omitted). Accordingly, a prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (finding provider possibly negligent but not deliberately indifferent when unaware of prisoner's serious heart condition); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105–06.

Although Plaintiff does not disclose any facts about the severity of his mental illnesses and the specific consequences he has suffered from an alleged lack of proper treatment, the Court assumes for screening purposes that Plaintiff's various mental illnesses constitute serious medical needs. *See, e.g.*, *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) ("We have held that a prisoner's 'psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies.'" (quoting *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994))).

But Plaintiff fails to satisfy the subjective component of *Farmer*'s test. Plaintiff cannot state a viable § 1983 claim merely by asserting that another doctor prescribed medication that

"they" (presumably Dr. Matthews) did not see fit to continue. A prison physician has no constitutional obligation to continue another doctor's treatment recommendation. S*ee, e.g.*, *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (finding that "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise independent medical judgment" (citation omitted)). And the Sixth Circuit has recognized that it is a matter of medical judgment, rather than deliberate indifference, for a physician to decline to prescribe "highly addictive prescription drugs" in a prison setting. *Whyde v. Sigsworth*, No. 22-3581, 2024 WL 4719649, at *5 (6th Cir. Nov. 8, 2024). But even so, Plaintiff concedes that he was placed on a drug to detox him off Xanax. And "[c]ourts have found Xanax detoxification protocols, using such substitutes, to be constitutional." *French v. Daviess Cnty.*, Ky., 376 F. App'x 519, 522 (6th Cir. 2010). Further, when Plaintiff asked to be placed back on medication to treat his bipolar disorder, that request was accommodated.

Plaintiff does not allege any facts to indicate whether he is still on any detox medication for Xanax withdrawal, and he does not allege any facts to explain what, if anything, he has been told at his four doctor appointments and four mental health appointments about his request for depression medication. Even so, the mere fact that Plaintiff was on depression medication in the free world does not give him a constitutional right to the same medication in prison. *See Lloyd v. Moats*, 721 F. App'x 490, 495 (7th Cir. 2017) "[A] prison physician's decision to reject another doctor's treatment recommendation in favor of his [or her] own 'does not amount to deliberate indifference where both recommendations are made by qualified medical professionals' and the prison doctor's decision [wa]s made for a medical reason." (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014))). And Plaintiff has not alleged any facts suggesting that any named Defendant showed disregard to an excessive risk to his health by failing to prescribe

medication; it is equally likely that the treating physicians and mental health professionals believe prescription medication treatment is not warranted for Plaintiff's other complaints. Accordingly, Plaintiff has not "nudge[d] [his] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and his complaint must be dismissed for failure to state a colorable claim.

Moreover, even if Plaintiff's claims were factually plausible, he has not alleged them sufficiently against a Defendant. Plaintiff has named Administrator Key and Doctor Matthews as Defendants. But Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). However, Plaintiff does not list any specific (in)action by either of these Defendants in his complaint. Accordingly, Plaintiff does not state a claim against either Defendant.

In sum, Plaintiff has failed to plausibly allege that he had a serious medical need that any named Defendant met with deliberate indifference. His complaint will be dismissed. !

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**